Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

DAJANIA MARITZA ORTIZ, individually and on behalf of all
others similarly situated,

<table>
<tr><td>Plaintiff,</td><td>**COLLECTIVE ACTION COMPLAINT**</td></tr>
<tr><td>-against-</td><td>JURY TRIAL DEMANDED</td></tr>
<tr><td>LA FONDA DELI CORP. and DANIA NUNEZ, as an individual,</td><td></td></tr>
<tr><td>Defendants.</td><td></td></tr>
</table>

-----------------------------------------------------------------------X

Plaintiff, **DAJANIA MARITZA ORTIZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **LA FONDA DELI CORP. and DANIA NUNEZ, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **LA FONDA DELI CORP.**, located at 501 Union Avenue, Westbury, NY 11590.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff DAJANIA MARITZA ORTIZ residing in Hicksville, NY 11801, was employed by Defendants at LA FONDA DELI CORP., from in or around November 2021 until in or around November 2023.

### *The Defendants*

### La Fonda Deli Corp.

8. Defendant LA FONDA DELI CORP., is a New York domestic business corporation organized under the laws of New York with a principal executive office at 862 County Line Road, Amityville, NY 11701.

9. Defendant LA FONDA DELI CORP., is a New York domestic business corporation authorized to do business under the laws of New York.

### Dania Nunez

10. At relevant times hereto, Defendant DANIA NUNEZ owns and operates LA FONDA DELI CORP.

11. Upon information and belief, Defendant DANIA NUNEZ is an agent of LA FONDA DELI CORP.

12. At relevant times hereto, Defendant DANIA NUNEZ is responsible for overseeing the daily operations of LA FONDA DELI CORP.

13. At relevant times hereto, Defendant DANIA NUNEZ has power and authority over all the final personnel decisions at LA FONDA DELI CORP.

14. At relevant times hereto, Defendant DANIA NUNEZ has power and authority over all final payroll decisions of LA FONDA DELI CORP., including the Plaintiff.

15. At relevant times hereto, Defendant DANIA NUNEZ has the exclusive power to hire and fire employees at LA FONDA DELI CORP., establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

16. During all relevant times herein, Defendant DANIA NUNEZ was Plaintiff's employer within the meaning of the FLSA and NYLL.

17. On information and belief, LA FONDA DELI CORP., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## **FACTUAL ALLEGATIONS**

18. Plaintiff DAJANIA MARITZA ORTIZ was employed by Defendants at LA FONDA DELI CORP., from in or around November 2021 until in or around November 2023.

19. During Plaintiff DAJANIA MARITZA ORTIZ's employment by the Defendants at LA FONDA DELI CORP., Plaintiff's primary duties were as a food preparer, cook, waitress, and cleaner, while performing other miscellaneous duties, from in or around November 2021 until in or around November 2023.

20. Plaintiff regularly worked approximately six (6) days per week from in or around November 2021 until in or around November 2023.

21. Plaintiff regularly worked a schedule of shifts beginning at approximately 12:00 a.m. each workday and regularly ending at approximately 12:00 p.m., or later, six (6) days per week from in or around November 2021 until in or around November 2023.

22. Thus, Plaintiff DAJANIA MARITZA ORTIZ was regularly required to work approximately seventy-two (72) hours per week from in or around November 2021 until in or around November 2023.

23. Plaintiff DAJANIA MARITZA ORTIZ was paid by the Defendants a flat weekly rate of approximately $800.00 per week from in or around November 2021 until in or around November 2023.

24. Although Plaintiff DAJANIA MARITZA ORTIZ worked approximately seventy-two (72) hours or more hours per week from in or around November 2021 until in or around November 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Additionally, Plaintiff DAJANIA MARITZA ORTIZ worked in excess of ten (10) or more hours per day approximately six (6) days per week from in or around November 2021 until in or around November 2023, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

26. Further, Plaintiff was not compensated at all by Defendants for approximately one (1) day of work.

27. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

28. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

29. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

30. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and

furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

31. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

32. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

33. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, waiters, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

34. Upon information and belief, Defendants employed approximately 11 or more employees within the relevant time period who were subjected to similar payment structures.

35. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

36. Defendants' unlawful conduct has been widespread, repeated, and consistent.

37. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

38. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There

are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

40. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

41. The claims of Plaintiff are typical of the claims of the putative class.

42. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

43. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### <u>FIRST CAUSE OF ACTION</u>

**Overtime Wages Under The Fair Labor Standards Act**

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

46. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

47. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

49. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

50. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

7

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

62. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

8

67. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

68. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

71. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid spread of hours compensation;

d. Awarding Plaintiff's unpaid wages;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 29, 2023
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAJANIA MARITZA ORTIZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

LA FONDA DELI CORP. and DANIA NUNEZ, as an individual,

Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**LA FONDA DELI CORP. (DOS ID# 5725982)**
862 County Line Road, Amityville, NY 11701

*Via Personal Service:*
**LA FONDA DELI CORP.**
501 Union Avenue, Westbury, NY 11590

**DANIA NUNEZ**
501 Union Avenue, Westbury, NY 11590